UNITED STATES of America,
Plaintiff—Appellee,

v.

Daniel GONZALEZ, Defendant—
Appellant.

No. 05–50863.

United States Court of Appeals,
Ninth Circuit.

Argued May 7, 2007.

Submitted July 3, 2008.

Filed July 7, 2008.

**346**

Michael J. Raphael, Esq., Assistant U.S., Pegeen D. Rhyne, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Brian A. Newman, Law Offices of Brian A. Newman, Culver City, CA, for Defendant–Appellant.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

## SUPPLEMENTAL MEMORANDUM *

Daniel Gonzalez appeals his sentence imposed for his conviction for health care fraud, 18 U.S.C. § 1347, following a jury trial.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the sentence imposed and remand to the district court for resentencing.

The district court clearly erred when it determined that the clear and convincing evidence standard for sentence enhancements no longer applies post *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Staten,* 466 F.3d 708, 720 (9th Cir.2006) ("[T]his circuit's established rule, requiring facts found in support of Guidelines enhancements that turn out to have a disproportionate impact on the ultimate sentence imposed to be established by clear and convincing evidence, continues to govern sentencing decisions.").[2]

The base offense level for Gonzalez's offense is 6. *See* U.S.S.G. § 2F1.1 (2000).

The district court applied an 11–level enhancement for the amount of loss caused by the fraud, *id.* § 2F1.1(b)(1), a 2–level enhancement for Gonzalez's "more than minimal planning" role, *id.* § 2F1.1(b)(2), a 3–level enhancement for his supervisory role in the offense, *id.* § 3B1.1, and a 2–level enhancement for obstruction of justice, *id.* § 3C1.1, resulting in an adjusted offense level of 24. An offense level of 24, with a criminal history category of III, results in a Guideline range of 63–78 months.

Gonzalez contends that the enhancements needed to be proved by clear and convincing evidence, rather than the preponderance of the evidence standard employed by the district court because the factors had a disproportionate effect on his sentence. We agree. *See United States v. Jordan,* 256 F.3d 922, 928 (9th Cir.2001) (identifying several factors to be considered when determining whether an enhancement has a disproportionate impact, and therefore must be proved by clear and convincing evidence). The 11–level loss enhancement was based on the extent of the conspiracy, and does not enter into the disproportionate impact calculus. *See United States v. Riley,* 335 F.3d 919, 926 (9th Cir.2003) ("The enhancement under § 2F1.1(b)(1) is based entirely on the extent of the conspiracy to which [the defendant] pled guilty," which "weighs heavily against the application of the clear and convincing evidence standard of proof."). An adjusted offense level of 17 carries a Guideline range of 30–37 months. The remaining enhancements for more than

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In a memorandum disposition filed July 16, 2007, 234 Fed.Appx. 808, we disposed of

Gonzalez's remaining contentions on appeal and affirmed his conviction.

2. We note that the district court judge did not have the benefit of our decision in *Staten* when he sentenced Gonzalez.

minimal planning, supervisory role, and obstruction of justice do not relate to the extent of the conspiracy. Combined, they increase Gonzalez's offense level by 7, from 17–24. They also increase the Guideline range by more than two-fold, from 30–37 months to 63–78 months. These enhancements had a disproportionate impact on his sentence, and should have been proved by clear and convincing evidence. *See id.* at 927; *Jordan*, 256 F.3d at 928.

Because we vacate Gonzalez's sentence for failure to apply the clear and convincing evidence standard, we need not address his remaining contentions attacking his sentence on appeal.

**VACATED and REMANDED.**